**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSÉ ABEL FIERRO,

                Plaintiff - Appellant,

    v.

RICHARDSON, Grievance Coordinator;
et al.,

                Defendants - Appellees.

No. 09-15914

D.C. No. 4:07-cv-00580-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

    José Abel Fierro, an Arizona state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations arising from the loss of a box of legal documents when he was

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

transferred between prisons. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Fierro's claim for denial of access to the courts because Fierro failed to raise a triable issue as to whether he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-53 & n.3 (1996) (to show an actual injury, a prisoner must demonstrate that his efforts to pursue a nonfrivolous legal claim were hindered).

The district court properly granted summary judgment on Fierro's retaliation claim because Fierro failed to raise a triable issue as to whether defendants knew about his prior lawsuit. *See Brodheim*, 584 F.3d at 1269 & n.3 (to defeat summary judgment on a First Amendment retaliation claim in the prison context, the prisoner must raise a triable issue as to whether, *inter alia*, defendants took an adverse action against him because of his protected conduct).

The district court also properly granted summary judgment on Fierro's due process claim. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is . . . not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *Ramirez v. Galaza*, 334

F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

Fierro's remaining contentions are unpersuasive.

Appellees' Motion to Supplement the Record on Appeal is construed as a request for judicial notice and, as such, is granted.

**AFFIRMED.**